Good morning, Your Honor. Vince Bronco, Federal Defender, specially appearing for Mr. Alba. Mr. Alba was placed on probation on February 22, 2006. That probation was terminated February 13, 2007. The record shows that he did not serve a year on probation. Thus, because his underlying conviction was driving under a suspended license, he had no criminal history points. This results from the straightforward application of the guidelines. To get a one point under 4A1.1c, it has to be a sentence that's countable under 4A1.2c. And for an offense such as driving under a suspended license, that means you have to have a sentence of 30 days in custody or more than one year of probation. And that's a sentence that's countable under 4A1.2c. The question is, was he then under a criminal justice sentence? Counsel, one question. On the day he committed the instant offense, that day, was he then under a criminal justice sentence? Yes, he was under a criminal – he was under a sentence, but not under a countable criminal justice sentence. He was under a criminal justice sentence on that day. And on that day, the sentence he was under was a three-year term of probation, correct? On that day, correct. On that day. So that's the day he committed the offense, correct? And doesn't the guidelines say you add two points if he committed this offense while he was under a criminal justice sentence? And he was under a criminal justice sentence that day, was he not? But the application note to 4A1.1d says it has to be a criminal justice sentence that is countable under 4A1. On that day, it was indeed countable, was it not? Yes. In the perfect world, and everything that happened that day, on that day, he was under a countable criminal justice sentence, was he not? Yes. On the day he was sentenced, he was not under a countable criminal justice sentence. You're sure you want to say that? I think the way it was – If you're taking the position, and I don't mean to argue with you, but if your position is that probation, the period of probation is period actually served, wouldn't you answer the judge by saying you don't know, you can't do it on one day, you have to wait out the sentence of probation to see the actual term before you can determine – I mean, I would have thought that would be your answer, but – Well, that's a better answer, and I'll adopt it. I'm not – I don't mean to suggest I believe that. I mean, I'm just – I'm just consistent with what I think your position is. It seems to me that your position is you can't tell whether something is a sentence qualifies under four point – excuse me. I get confused on these numbers. There is an A in there somewhere. 1.2, I think. Thank you, Judge Smith. You can't tell. You just can't do it that day, and you can't tell until the sentence on the first offense is served, and you then have an actual count of how long probation or imprisonment occurred, right? Correct. And under Mejia. Mejia clearly says a term of probation means actual probation, which is served. In that case, then, I suppose you would say that if he happens to get sentenced, he's still under the three-year probation, but he happens to get sentenced in district court, two days before he's served out at least one year of that, then they can't count it. That would be your position, I guess? Well, I don't think we have to give him that hypothetical because the bottom line is probation was terminated in this case. If Judge Fernandez wants to give him that hypothetical, I think you need to get into it. You can't tell until he's actually served. You can't tell if he's under one or not until he's actually served at least a year of probation. So my question to you is, if he's under the criminal justice sentence, the State hasn't played any games, he's under the sentence, he's going to serve five years of State probation, but on the day of federal sentencing, he's two days short of having served a year. Your position, I take it, would be you can't count the two points. Is that correct? I would say if there's been no modification of his sentence. No modification. And he is – and nothing has changed. And he's still under a three-year term of probation. He's serving that at the time. He hasn't served a year yet. He hasn't done actual year of service yet. Well, his term of probation would still be three years at that point. But at the time Mr. Alba was sentenced, his probation had been terminated within one year. I understand. I hate to keep disagreeing with you, but – Pardon me? I hate to keep disagreeing with you, but I thought your position would be that if it is short of one year, then the district court simply can't treat it as having served a full year. So either the district court has to wait until the year is over so we know what the actual probation sentence is, or if for some reason there's a need to sentence him right then, the answer is he hasn't served more than a year. Isn't that what you're really arguing? Isn't that consistent with your position? I think that could be true. If you're counting actual time, there's not actual time of a year served by that point. So at that point you cannot tell, you cannot count it, because full year has not been served. So you can wait or you can sentence without it. Again, I don't mean to suggest that that's my view, but I thought that was – in reading up on what you were arguing, I thought that was your position. I would like the court to adopt that rule, but what I'm trying to say is we don't need to – No, I don't like it's a bad rule. We don't need – no, it's a great rule for our side. What I'm saying is the court doesn't have to go that far here because what we know is that the reality is at the time of sentencing he did not have a sentence that counted because his probation was actually terminated within that year. No, what we know in reality is that when he committed the offense, he was under a criminal justice sentence. We know that in reality. I mean, we do have two realities here. And that's the problem. I mean, this is a driving under a suspended license offense. It's like the Twilight Zone. You know, a driving under a suspended license offense where he's got summary probation to pay a fine, and now he's looking at five, six more years, and we're debating over – So what? I mean, the point is if they hadn't gone down and done that manipulation in the State court, he'd be facing the same time. The whole question is doesn't the manipulation get him out of it? That's all. And the bottom line is this. But it's not an equity question. It's a question of did he manage to sneak out or didn't he? That's the question. Well, right. And if you follow the plain reading of the guidelines, and that is that when he is sentenced, he did not have a scorable offense. He has zero criminal history points. I thought you wanted me to read the plain language of the guidelines. It doesn't refer to the day he was sentenced. It refers to the day he committed the offense. If I wanted to do a plain reading of the guidelines. Well, it says accountable offense. The thing is, you have to then go, is that countable? And the answer is no, because he didn't serve a year of probation. With that, I'd like to reserve. We have about three minutes left. Would you like to say something about that? Yes, I would. Thank you. We'll hear from the government. Thank you, Your Honors. Good morning. Joseph Corbon on behalf of the United States. May it please the Court. What we have here is a defendant who is on actual probation. If we apply the rule in Mejia, the defendant is on actual probation when he commits the instant offense. And I agree with Justice – Judge Fernandez when he says – For being on probation, let's say he had a six-month term of probation up front. The judge had sentenced him to six months. And three months into it, he commits this. He would still have been on probation, but it wouldn't count, right? It wouldn't count, no, because the term of probation would have been more than a year. So the fact that he's on probation alone doesn't get you there. It only gets you halfway there. You also have to figure out what that term is. And why doesn't Mejia say, in pretty plain terms, the way you measure the term of probation is by looking at actual time served? The problem with looking at Mejia that way is it's distinguishable from the facts that we have here in Mr. Alba Flores' case. See, in Mejia, he, in 1997, had his term of probation terminated before he commits seven years later his instant offense. I understand that's a factual distinction. It's also a factual distinction that that guy was called Mejia, and our guy isn't. There are lots of factual distinctions. Why does it matter? If Mejia says what counts to make this an applicable probationary sentence is the actual time served on probation, which it says in pretty plain terms, why isn't the fact that he served less than a year on probation dispositive here? The problem with that, Your Honor, is we're creating a loophole for defendants. We're creating a race to the courthouse within that one-year term of probation. If the initial sentence — And that's a problem because? Because what we're doing is the initial sentences — You call it a loophole. I'm calling it justice. We're calling it a loophole, so using pejoratives doesn't really help. Well, look at the defendant that actually serves his full three years of probation. He's rehabilitated. He serves the purpose of probation, which is rehabilitation. He's going to be treated differently because his sentence is going to score under our guidelines. But the defendant who nearly four and a half months after being on that criminal justice sentence commits a worse offense, a more serious offense, is going to get through the loophole? That's not justice. That wouldn't be fair. Whether justice or not, why isn't that — I mean, the guideline draws a distinction. You know, it doesn't matter how heinous the offense is. If you have a probationary sentence that's a year or longer than or more than a year, then no matter how heinous your sentence or how light the sentence was or how lenient your judge was to begin with or how harsh your judge was to begin with, if it is more than a year, then it counts. If you happen to luck out and you did a terribly heinous speeding offense or whatever and you get an easy-as-pie judge who says, oh, no big deal, I'm going to give you six months, you're out. We're not supposed to look at the underlying offense. The guideline is quite clear. The guideline says you look at the term of probation. And Mejia says the way you count term of probation is you start with the date the guy begins probation and then you find out when he stops and goes off probation, subtract those two dates from each other. You know, so the name is in Julian order. And then you — if the number you come up with is less than 365, he's home free. It's a pretty easy mechanic. You don't have to make judgments about what — which speeding offense is more heinous than another or anything like that. But I don't think that Mejia goes that far, Your Honor. I would respectfully disagree. I think Mejia says — Let's read Mejia together and see what it is you think — why you think it doesn't go that far. Do you have an opponent here? Yes, Your Honor. Okay. Why don't you point out to me where it says something that, you know — what I says. Accordingly, this is on page 1116. It says, just as a term of imprisonment means a term of actual confinement, citing Gonzalez in a bank decision, a term of probation means a term of actual probation. And then they go ahead and they apply the rule. And what they do is they look at the time actually served on probation. What's unclear about that? We have to count that actual probation. We have to look at reality. We're not — like you said, Your Honor, we're not in the twilight zone. Actually, what happened — I didn't say we weren't in the twilight zone. I said we — I thought we were. But in actuality, the defendant is serving a three-year term of probation. That's actual probation. Well, so did — so did Mejia serve a term that was longer. But they said, no, we don't look at what he was originally sentenced to. We look at the term of actual probation. And they look and they make it quite clear that that means actual time served on probation. How do you get around that? Well, I think the problem with looking at the rule that way, as opposed to the actual probation that is imposed, because the guidelines say we're supposed to look at prior sentences when they're imposed. If we're creating now this rule that says we're supposed to wait a full year to see if he actually serves that probation, you have the situation that I brought, Your Honor, back to before, which is he's racing to the courthouse to get underneath that 365 day to try to terminate his probation. You make it sound like that's bad. So what is it? What's wrong with racing to the courthouse? What's wrong with going back to state court and saying, hey, look, this is going to have a disproportionate effect on my federal sentence, and the judge take mercy on me and end my probation before the following year? Why is that? I mean, it's not like he's cheating on his taxes. He's going back to court, appearing before a judicial officer, a state judicial officer, and we have some very great state judicial officers, you know, and he is pleading his case. I mean, what's nasty and low about that? I think that contradicts the goals of the guidelines, honesty, uniformity, proportionality. I mean, he didn't do it behind anybody's back. Presumably, this was done in superior court. I've been to superior court. They have courtrooms just like this. They have judges with robes. You know, they have bailiffs. The sheriff, I think, is deputy sheriff. You know, it's just a regular courtroom, just like in any civilized place. I mean, this is not a situation where he bribed the judge or something, God forbid. I mean, this was not sort of some sort of or he got the clerk to change the record, you know, surreptitiously. This was an in-court procedure. What's wrong with that? Well, we're tinkering with this state court sentence, and what we're allowing the state court to do is to interfere with the federal sentencing, which this court in Mendoza-Morales said we are to apply federal law when sentencing a defendant. And if we let the state courts interfere in that application of the guidelines, I think it flies in the face of us applying federal law. But doesn't the state court interfere with the appliance of the guidelines every time they sentence? But, Your Honor, if they do that – I mean, the honest truth is whatever they do is going to be applicable to the guidelines. All you're suggesting is because they do it later, it shouldn't make as much difference. Now, where do I go in these guidelines? Where do I go anyplace to find what you're arguing? The comment notes, comment note 6 and comment note 10 say if you're going to go back, there are certain provisions in the guidelines that allow for defendants to go back and vacate their sentence for constitutional errors, legal errors, or errors – Are we vacating then probation, or are we vacating the conviction? Well, the defense counsel is making two arguments, right? On the one hand, he's saying I didn't serve the full year, so the sentence doesn't count, as Your Honor and I just had a conversation about. But on the other hand, he's also arguing, well, I've also reduced my misdemeanor to an infraction. And so if I have an infraction, non-pro-tunk, back to the date before I committed the offense, then it doesn't score. Well, that's where I think then we have to go over and look at the line of cases that say look at the effect of the non-pro-tunk order. And that non-pro-tunk order, according to the Hayden case, which controls says, look, if you did it under Section 1203.4, which I think is dispositive in this case, because despite the fact that defense counsel says in his reply brief that the oral pronouncement was something different, if we look at ER 63, the State court judge there specifically said there's a 1203.4 motion. Is that yours? And defense counsel responded, yes, Your Honor. Well, why didn't you argue that then to Judge Kaczynski's questions? Arguing it now, Your Honor. Well, the reason you didn't argue it, because that's exactly what happened in Mejia. And so that argument runs into a brick wall. But I mean, didn't they have a non-pro-tunk order there, too? He started off with a longer sentence, and then he went over the longer sentence. So if you want to say all non-pro-tunk orders are void because we apply the non-pro-tunk rules, then Mejia is wrong. You're biting off too big a chunk to, you know, if you want to argue that, then he'd be in really serious trouble. Well, no, Your Honor, because Mejia didn't do that. He didn't have a non-pro-tunk order. His probation was terminated. It was conditioned on serving 16 days of jail. And once he served that 16 days of jail, his two-year term of probation was terminated by the court before the defendant committed any subsequent offense. I think that's the key here. If the State court wants to act before the defendant commits the Federal offense, I think that's okay. But when they start acting after the Federal offense, then we're tinkering with the sentence. Well, I'm sorry. Let's slow down there. In Mejia, he had an additional ‑‑ he had a three-year sentence of probation, a sentence originally, right? No, Your Honor. He had a two-year term of probation. Okay. Some year, some period longer than one year, right? I get these exact numbers confused. But the point is, it was longer than one year. And then at some point later, it was terminated. Three days after he had served his 16-day sentence, the court came in and terminated it in 1997. How is it different from what happened here? Because what we've got there is we have the State court acting before the defendant commits the instant offense, which is when we're supposed to ‑‑ No, that's the same thing you were arguing to me earlier. But I thought what you were saying is non-pro-tunk orders don't count at all. What counts is the sentence originally given and what the State court comes in and does later, which is the argument you argued, what you argued to Judge Smith, who asked you, why didn't you argue that to me? And I'll tell you the reason you didn't, because it wouldn't work. Well, not in that case, Your Honor, because they didn't get a non-pro-tunk order. They didn't know ‑‑ I think if you're thinking of the Navarro case, the unpublished disposition where Navarro I never think of unpublished dispositions, particularly not ones for Judge Fernandez to sense. I try to put those out of my mind. Well, my question really, looking at Mejia, I think now we've really got the facts of Mejia in mind. The sentence was pronounced by the State court. It was suspended when it was pronounced and probation was terminated three days later. Well, I can understand, I guess, the reason I ask you that question, why didn't you argue that to Judge Kaczynski, is it doesn't seem to me that the guidelines here really deal with the difference between these two situations. The only way I can get to the real difference or the only way I can get to any law which may make a difference is United States v. Hayden. Wouldn't you agree with that? I would agree with that, Your Honor. Because United States v. Hayden says unless you set this aside for something worthwhile, actual instance or errors of law, it shouldn't be counted as set aside at all, whether it's probation or conviction or anything else. That's what you're really arguing. That's true, Your Honor. No, it didn't ever say that. It just went to conviction. True, Your Honor. I also think it's important. Well, how do you square that with Hayden, with Mejia? Yeah. I'm sorry, Your Honor. How do you square that argument with what actually happened with Mejia? Well, like I said before, Your Honor, the problem with Mejia is that he actually successfully rehabilitates himself for seven years and then commits the offense, and the court acted by that fact. But it doesn't matter. If your argument is what court does later to undo the sentence doesn't count under Hayden, then it doesn't matter how rehabilitated he was. The problem with Mejia is you look at what sentence he got originally, which is two years of probation. You don't look at the subsequent order because that's a subsequent tinkering. So your Hayden argument is just too broad. It runs in the – you know, maybe Mejia is somehow inconsistent with Hayden, but it is the latest pronouncement and it's directly on point. Well, I think that this Court can also look to what the Eighth Circuit and the Tenth Circuit did to gloss on the rule of what actual probation is. And we can look at this in a sense of when defendants go back and for the sole purpose of manipulating their Federal sentence they obtain these non-protunct orders. I think in Martinez-Cortez and Pecha Bode's, which is the Eighth and Tenth Circuit cases, those circuits held, look, you can disregard the actual sentence because the defendant did this for the sole purpose of manipulating his Federal sentence by shortening that probationary term. Do you have any odd-numbered circuits on your side? I'm not so keen on those odd-numbered circuits. I mean, we can't really ignore our own law for what other circuits do, right? Well, I think that Your Honor can. And especially in this case when we have defendants that are doing this for the sole purpose of changing their sentence. Do you think we can go concrete with our own law because other circuits do that? Well, no, Your Honor. I mean, we're not – I'm not changing the rule in Mejia. I'm putting a gloss on it for this specific factual situation that we have in Alba Flores. By looking at the facts of our case, we shouldn't allow defendants to do that after the fact. I think we got it. Thank you. Thank you. You've got about a little less than two minutes for rebuttal. I'd like to start with there is no conflict between Mejia and Hayden. Hayden deals with trying to set aside or expunge a conviction overall. But this driving on a suspended license and Mejia deal with the specific provisions of 4A1.2c. And that's because the guidelines say a certain class of offenses do not count unless they meet certain requirements, and that is 30 days in custody or more than a year of probation. So there is no conflict between those lines of cases. So doesn't U.S. S.G. 4A1.2 comment N6 say we exclude from these provisions those convictions reversed or vacated because of errors of law, discovery of exonerating evidence, or unconstitutionality? Yes, but that's referring to any type of conviction, meaning one that does not count under 4A1.2c. What I'm trying to say is these expungement provisions, they apply across the board. And if it's set aside, it does count. If it's expunged, it doesn't count. But 4A1.2c is an independent basis to for a conviction not to count, regardless of whether or not it's set aside or expunged. The last point is this race to the courthouse. I don't see this as creating a big problem, specifically because, like in this case, Mr. Alba did inform that he's in custody in another case and that this was for the purpose of reaching a favorable decision. The State court judge had no obligation to terminate the probation. I don't know how many judges will. So it may not be this big problem that the government claims. Thank you. Thank you. The case is signed. It was 10 minutes.
judges: Kozinski, Fernandez, Smith N. R.